IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


WASHIE OUMA, an individual,

        Plaintiff,

    v.

CLACKAMAS COUNTY, WASHINGTON
COUNTY, and JOHN DOES 1-9,

        Defendants.

No. 03:12-cv-01465-HZ

OPINION & ORDER


Marianne G. Dugan
ATTORNEY AT LAW
259 E. 5th Ave., Suite 200-D
Eugene, OR 97401

      Attorney for Plaintiff

1 - ORDER

Alexander Gordon
CLACKAMAS COUNTY COUNSEL
2051 Kaen Road, 4th Floor
Oregon City, OR 97045

  Attorney for Clackamas County

Chelsea J. Glynn
Elmer Manuel Dickens, Jr.
WASHINGTON COUNTY COUNSEL
155 N. First Ave., Suite 340, MS 24
Hillsboro, OR 97124

  Attorneys for Washington County

HERNANDEZ, District Judge:

  Plaintiff Washie Ouma brings this action under 42 U.S.C. § 1983 against Defendants

Clackamas County, Washington County, and John Does 1-9. Plaintiff claims that he was falsely

arrested and mistreated during his imprisonment in Washington County and Clackamas County

jails. Defendants moved separately to dismiss Plaintiff's claims.

  Oral argument was held on April 22, 2013. For the reasons stated on the record and those

that follow, Defendants' motions to dismiss (#9 and #11) are GRANTED.

STANDARDS

  On a motion to dismiss, the court must review the sufficiency of the complaint. Scheuer

v. Rhodes, 416 U.S. 232, 236 (1974). All allegations of material fact are taken as true and

construed in the light most favorable to the nonmoving party. Am. Family Ass'n., Inc. v. City &

County of San Francisco, 277 F.3d 1114, 1120 (9th Cir. 2002). However, the court need not

accept conclusory allegations as truthful. Holden v. Hagopian, 978 F.2d 1115, 1121 (9th Cir.

1992).

2 - ORDER

A motion to dismiss under Rule 12(b)(6) will be granted if plaintiff alleges the "grounds" of his "entitlement to relief" with nothing "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action[.]" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)[.]" Id. (citations and footnote omitted).

To survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face[,]" meaning "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). Additionally, "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. The complaint must contain "well-pleaded facts" which "permit the court to infer more than the mere possibility of misconduct." Id. at 679.

DISCUSSION

I.      Dismissal of Claims

Plaintiff's First Amended Complaint contains many errors, some of which were discussed at oral argument. These errors are significant and do not provide sufficient notice of the claims in order for Defendants to respond. Therefore, Plaintiff's claims are dismissed for the reasons stated on the record, but with leave to amend.

II.     "John Doe" Pleading

Defendant Clackamas County argues that Plaintiff's claims against John Does 1-6 should be dismissed. Clackamas Cnty. Memo. 26-30. Defendant argues that Plaintiff has had plenty of time to identify and serve the fictitious defendants and that Plaintiff cannot establish that his suit

against any John Doe defendant would withstand the motion to dismiss. Id. at 28. Plaintiff argues that "it would be improper to dismiss without discovery and submission of evidence in a summary judgment proceeding." Pl.'s Resp. to Clackamas Cnty. Memo. 9.

As a general rule, the use of "John Doe" to identify defendants is disfavored. Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). However, when a situation arises where the identities of alleged defendants are unknown prior to filing the complaint, the plaintiff "should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." Id. See also Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999)

This case is still in an early stage and the parties have not engaged in significant discovery. Therefore, I will allow Plaintiff to continue to allege claims against John Does for the time being.

III.    Sanctions

Defendant Clackamas County requests that the Court impose sanctions on Plaintiff's counsel under either 28 U.S.C. § 1927 or the Court's inherent authority, for pursuing claims lacking in evidentiary support. I reserve the issue of sanctions until the merits of the case are decided.

///

///

///

4 - ORDER

CONCLUSION

Based on the reasons above, Defendants' motions to dismiss (#9 and #11) are

GRANTED. Plaintiff may file a second amended complaint within three weeks of this order.

IT IS SO ORDERED.

Dated this _____30_____ day of April, 2013.

_____

MARCO HERNANDEZ
United States District Judge

5 - ORDER