IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

WASHIE OUMA,

        Plaintiff,

    v.

CLACKAMAS COUNTY, WASHINGTON
COUNTY, and JOHN DOES 1-9,

        Defendants.

No. 3:12-cv-01465-HZ

OPINION & ORDER

Marianne G. Dugan
ATTORNEY AT LAW
259 E. 5th Ave., Suite 200-D
Eugene, OR 97401

    Attorney for Plaintiff

Alexander Gordon
Stephen Madkour
CLACKAMAS COUNTY COUNSEL
2051 Kaen Road, 4th Floor
Oregon City, OR 97045

    Attorney for Clackamas County

1 – OPINION & ORDER

Chelsea J. Glynn
Elmer Manuel Dickens, Jr.
WASHINGTON COUNTY COUNSEL
155 N. First Ave., Suite 340, MS 24
Hillsboro, OR 97124

     Attorneys for Washington County

HERNANDEZ, District Judge:

     Plaintiff Washie Ouma brings this action under 42 U.S.C. § 1983 against Defendants Clackamas County, Washington County, and John Does 1-9. Plaintiff claims that he was falsely arrested and mistreated during his imprisonment in Washington County and Clackamas County jails. Defendants moved separately to dismiss Plaintiff's complaint. I granted the motion to dismiss and allowed Plaintiff to file a second amended complaint. Defendant Clackamas County now moves to dismiss Plaintiff's second amended complaint. I deny the motion.

## STANDARDS

     On a motion to dismiss, the court must review the sufficiency of the complaint. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. Am. Family Ass'n., Inc. v. City & Cnty of San Francisco, 277 F.3d 1114, 1120 (9th Cir. 2002). However, the court need not accept conclusory allegations as truthful. Holden v. Hagopian, 978 F.2d 1115, 1121 (9th Cir. 1992).

     A motion to dismiss under Rule 12(b)(6) will be granted if plaintiff alleges the "grounds" of his "entitlement to relief" with nothing "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action[.]" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level,…on the assumption that all the allegations in the complaint are true (even if doubtful in fact)[.]" Id. (citations and footnote omitted).

2 – OPINION & ORDER

To survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face[,]" meaning "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). Additionally, "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. The complaint must contain "well-pleaded facts" which "permit the court to infer more than the mere possibility of misconduct." Id. at 679.

DISCUSSION

I dismissed Plaintiff's first amended complaint because it contained several errors and did not provide sufficient notice of the claims for Defendants. April 30, 2013 Op. & Order, Dkt. #23. Plaintiff filed a second amended complaint to cure the deficiencies. Dkt. #24. I find that the second amended complaint provides Defendant Clackamas County with sufficient notice of the claims as required by Twombly and Iqbal. Defendant Clackamas County further argues, for the second time, that Defendant John Does 1-6 should be dismissed. I disagree for the same reasons stated in my prior opinion. April 30, 2013 Op. & Order, Dkt. #23.

CONCLUSION

Defendant Clackamas County's motion to dismiss (#25) is denied.

IT IS SO ORDERED.

Dated this ___3___ day of __September__, 2013.

_____
MARCO A. HERNANDEZ
United States District Judge

3 – OPINION & ORDER