IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

WASHIE OUMA,

            Plaintiff,

    v.

CLACKAMAS COUNTY, WASHINGTON COUNTY, and JOHN DOES 1-9,

            Defendants.

No. 3:12-cv-01465-HZ

OPINION & ORDER

Marianne G. Dugan
Attorney at Law
259 E. 5th Ave., Ste. 200-D
Eugene, OR 97401

    Attorney for Plaintiff

Alexander Gordon
Stephen Lewis Madkour
Clackamas County Counsel
2051 Kaen Rd., 4th Floor
Oregon City, OR 97045

/ / /
/ / /

1 - OPINION & ORDER

Chelsea J. Glynn
Elmer Manuel Dickens, Jr.
Washington County Counsel
155 N. First Ave., Suite 340, MS 24
Hillsboro, OR 97124

   Attorneys for Defendants

HERNÁNDEZ, District Judge:

   Plaintiff Washie Ouma brought this action under 42 U.S.C. § 1983, claiming that he was falsely arrested and mistreated during his imprisonment in Clackamas County and Washington County jails. Defendants moved for summary judgment. On May 7, 2014, I granted the motions for summary judgment and a judgment of dismissal entered on May 8, 2014. Plaintiff moved twice for reconsideration [68, 72] of the summary judgment order and dismissal. Because there is no basis for reconsideration, I deny the motions for reconsideration.

## STANDARD

   A party may seek reconsideration of a ruling under Rules 59(e) or 60(b) of the Federal Rules of Civil Procedure. Rule 59(e) "permits a district court to reconsider and amend a previous order[.]" Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000) (citation and quotation marks omitted). The rule, however, "offers an extraordinary remedy…to be used sparingly in the interests of finality and conservation of judicial resources." Id. "Under Rule 59(e), a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." 389 Orange St. Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999) (citation omitted).

   "Rule 60(b) provides for extraordinary relief and may be invoked only upon a showing of exceptional circumstances." Engleson v. Burlington N.R. Co., 972 F.2d 1038, 1044 (9th Cir.

2 - OPINION & ORDER

1994) (citation and quotation marks omitted). Under Rule 60, a court may grant reconsideration based on: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief. Fed. R. Civ. P. 60(b).

DISCUSSION

Plaintiff moves under Rule 59(e) for reconsideration of the order and judgment of dismissal. Although there are two motions for reconsideration, the contents of the motions are similar in substance, and I will consolidate the motions and treat them as one motion.

Defendant Clackamas County disputes that Plaintiff's motion has any merit, but also raises two procedural arguments to oppose the motion for reconsideration. First, Defendant argues that the motion is untimely, and second, Defendant argues that this court has lost jurisdiction because Plaintiff filed a Notice of Appeal to the Ninth Circuit. Defendant is incorrect on both accounts. A motion for reconsideration must be filed within 28 days after the entry of judgment. Fed. R. Civ. P. 59(e). The judgment was signed on May 7, 2014, but was entered the next day on May 8th. Therefore, Plaintiff had until June 5, 2014 to file his motion. Plaintiff timely filed his motion for reconsideration on June 3, 2014.

As for the jurisdiction issue, the Notice of Appeal does not take effect until after the resolution of the motion for reconsideration. "If a party files a notice of appeal after the court announces or enters a judgment—but before it disposes of any motion listed in Rule 4(a)(4)(A)—the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered. Fed. R. App. P. 4(a)(4)(B)(i). A motion for reconsider under Rule 59 is one of the motions listed in Rule

3 - OPINION & ORDER

4(a)(4)(A). Therefore, this court still has jurisdiction to consider Plaintiff's motion for reconsideration.

As to the merits of Plaintiff's motion, I agree with Defendants Clackamas and Washington Counties that there is no basis for reconsideration of my order and judgment of dismissal. Plaintiff asks the court to review exhibits attached to his brief, but none of these exhibits are newly discovered. Plaintiff's argument for reconsideration does not fit within Rule 59(e)'s standard. There is no newly discovered evidence, clear error, or an intervening change in the applicable law. Plaintiff's request for reconsideration is denied.

## CONCLUSION

Based on the foregoing, Plaintiff's motions for reconsideration [68, 72] are denied.

IT IS SO ORDERED.

Dated this 23 day of June, 2014.

*Marco Hernández*
MARCO A. HERNÁNDEZ
United States District Judge