IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

WASHIE OUMA,

                Plaintiff,

    v.

CLACKAMAS COUNTY, WASHINGTON COUNTY, and JOHN DOES 1-9,

                Defendants.

No. 3:12-cv-01465-HZ

OPINION & ORDER

Marianne G. Dugan
Attorney at Law
259 E. 5th Ave., Ste. 200-D
Eugene, OR 97401

    Attorney for Plaintiff

Alexander Gordon
Stephen Lewis Madkour
Clackamas County Counsel
2051 Kaen Rd., 4th Floor
Oregon City, OR 97045

/ / /
/ / /

1 - OPINION & ORDER

Chelsea J. Glynn
Elmer Manuel Dickens, Jr.
Washington County Counsel
155 N. First Ave., Suite 340, MS 24
Hillsboro, OR 97124

      Attorneys for Defendants

HERNÁNDEZ, District Judge:

      Plaintiff Washie Ouma brought this action under 42 U.S.C. § 1983, claiming that he was falsely arrested and mistreated during his imprisonment in Clackamas County and Washington County jails. Defendants moved for summary judgment. On May 7, 2014, I granted the motions for summary judgment and entered a judgment of dismissal. Defendant Washington County now seeks $670.75 in costs: $650.75 for Plaintiff's deposition and $20 in docket fees. Plaintiff opposes only the deposition cost. I find that Plaintiff's deposition was necessarily obtained for use in the case. Therefore, I grant Defendant's bill of costs [66], and award $670.75.

## STANDARD

      Federal Rule of Civil Procedure 54(d) provides that, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d). "Costs" taxable under Rule 54(d) "are limited to those set forth in 28 U.S.C. §§ 1920 and 1821." Twentieth Century Fox Film Corp. v. Entm't Distrib., 429 F.3d 869, 885 (9th Cir. 2005), citing Crawford Fitting Co. v. J. T. Gibbons, Inc., 482 U.S. 437, 445 (1987). Under 28 U.S.C. § 1920, the court may tax as costs:

    (1) Fees of the clerk and marshal;
    (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
    (3) Fees and disbursements for printing and witnesses;
    (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
    (5) Docket fees under section 1923 of this title;

2 - OPINION & ORDER

> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.  "Taxable costs are limited to relatively minor, incidental expenses…." Taniguchi v. Kan. Pac. Saipan, Ltd., 633 F.3d 1218, 1221 (9th Cir. 2011) (citation omitted).  "It comes as little surprise, therefore, that costs almost always amount to less than the successful litigant's total expenses in connection with a lawsuit." Id.

Rule 54 creates a presumption in favor of awarding costs to the prevailing party.  E.g., Assoc. of Mex.-Am. Educators v. State of Cal., 231 F.3d 572, 592-93 (9th Cir. 2000).  "[I]f a district court wishes to depart from that presumption, it must explain why so that the appellate court will be able to determine whether or not the trial court abused its discretion…[and] explain why a case is not ordinary." Save Our Valley v. Sound Transit, 335 F.3d 932, 945 (9th Cir. 2003) (citation omitted).  The court may consider "the losing party's limited financial resources,…misconduct on the part of the prevailing party,…the importance of the issues,…the importance and complexity of the issues,…the merit of the plaintiff's case,…and the chilling effect on future civil rights litigants of imposing high costs." Id.

The district court, however, "needs no affirmatively expressed reason to tax costs.  Rather, it need only conclude that the reasons advanced by the party bearing the burden—the losing party—are not sufficiently persuasive to overcome the presumption." Id. at 946.  Courts are free to construe the meaning and scope of the items enumerated as taxable costs in 28 U.S.C. § 1920.  Taniguchi, 633 F.3d at 1221; Alflex Corp. v. Underwriters Lab., Inc., 914 F.2d 175, 177 (9th Cir. 1990).  The district court retains broad discretion to decide how much to award, if anything.  Padgett v. Loventhal, 706 F.3d 1205, 1209 (9th Cir. 2013).  Ultimately, it is "incumbent upon the losing party to demonstrate why the costs should not be awarded." Stanley v. Univ. of S. Cal., 178 F.3d 1069, 1079 (9th Cir. 1999) (citation omitted).

DISCUSSION

Defendant Washington County seeks $650.75 for the cost of Plaintiff's deposition and $20 in docket fees under 28 U.S.C. § 1923.  Because the $20 docket fee is unopposed and is one of the enumerated costs allowed under 28 U.S.C. § 1920(5) for the taxation of costs, I grant the request.  Plaintiff, however, objects to the cost related to Plaintiff's deposition because the transcript was not used in summary judgment.

To be awarded as costs, the transcripts must have been "necessarily obtained for use in the case." 28 U.S.C. § 1920(2).  "In general, the mere fact that items are neither introduced into evidence nor otherwise become part of the official court record is not determinative of whether that item was reasonably or necessarily obtained for use in the case." Frederick v. City of Portland, 162 F.R.D. 139, 143 (D. Or. 1995).  "A deposition need not be absolutely indispensable to justify an award of costs; rather, it must only be reasonably necessary at the time it was taken, without regard to later developments that may eventually render the deposition unneeded at the time of trial or summary disposition." Frederick, 162 F.R.D. at 143.  The presence of a reference to the deposition in the record is not a prerequisite to a determination that it was necessarily obtained.  Id.  Nonetheless, disallowance for expenses of depositions not used at trial is within the district court's discretion.  Washington State Dept. of Transp. v. Washington Natural Gas Co., 59 F.3d 793, 806 (9th Cir. 1995).

Defendant argues that it was necessary to take Plaintiff's deposition because Plaintiff's claims were unclear from the complaint; and if the case were to proceed to trial, Plaintiff would most likely be a witness.  I agree that the deposition was necessarily obtained for use in the case for both of those reasons.  Plaintiff's complaint underwent two amendments before the case could proceed.  Also, Plaintiff would likely be a key witness to support his allegations that he

4 - OPINION & ORDER

was falsely arrested and received improper treatment in jail.  I grant the request for $650.75 for Plaintiff's deposition.

## CONCLUSION

Based on the foregoing, Defendant's bill of costs [66] is granted.  Defendant is awarded $670.75 in costs.

IT IS SO ORDERED.

Dated this 20 day of June, 2014.

*Marco Hernández*
MARCO A. HERNÁNDEZ
United States District Judge

5 - OPINION & ORDER